## FORSYTH *vs.* LACOST.

2L 319
51 870

**APPEAL FROM THE COTRT OF THE FIRST DISTRICT.**

The plaintiff, against whom an injunction has been obtained, may compel the defendant to prove, in a summary manner before the judge, the truth of the facts alleged in his opposition; and the proper mode of proceeding is by

serving a rule on the defendant, to show cause, why his injunction should not be dissolved. Upon a proper showing, the rule will be continued, 'to enable the party to procure the necessary proof required by the seizing creditor.

The act of the creditor in withdrawing the deposite made by the debtor, of the amount which he believes to be due, is not conclusive that nothing more is owing.

The plaintiff, in an order of seizure, took a rule upon the plaintiff in injunction, to show cause why it should not be dissolved, on the ground that the allegations in the petition were not true. Upon hearing, the injunction was dissolved, and the plaintiff appealed.

*Morse,* for appellant,

*Grymes* and *Cannon,* for appellee.

*Mathews, J.,* delivered the opinion of the court.

In this case, the present defendant, had obtained an order of seizure and sale of certain property of the plaintiff, who obtained an injunction to stay proceedings. The injunction was afterwards dissolved, in relation to a part of the sum claimed by the seizing creditor, and made perpetual, as to the residue; and from this decree of dissolution the plaintiff appealed.

The injunction was obtained on the ground of alleged payments, made by the debtor, of part of his debt, and a deposite in court, of what he considered as the balance due, which was delivered up to the creditor by order of the court; and afterwards the injunction was dissolved (as above stated) on motion, &c. Against the correctness of the judgment of the court below, the appellant's counsel assumes two means of defence. One is rather of form ; the other partakes of the merits of the case. The first is against the proceeding by motion to dissolve the injunction ; the propriety of which depends on our code of practice ; the article more particularly applicable to the present case, is the 741, and is expressed in the following words:—"The plaintiff, against whom an injunction has been obtained, may

Eastern District,
*April* 1831

FORSYTH
*vs.*
LACOST.

compel the defendant to prove, in a summary manner, before the judge, the truth of the facts alleged in his opposition." No rules are laid down as to the mode of proceeding in this summary manner. It must, therefore, be left to the discretion of the judge ; and we are unable to imagine any more proper and convenient, for the despatch of business, than a rule served on the defendant to shew cause why his injunction should not be dissolved. The time absolutely necessary for him to make the proof required by the seizing creditor, can as well be granted in this way as any other, by continuing the rule, should it be found necessary, to enable the party demanding the continuance to procure his testimony. It is true, that an affidavit was made by the plaintiff, in the injunction, of the absence of material witnesses, one residing out of the State, and another out of the Parish ; but no steps were taken by him, or offered to be taken, to procure their testimony by commission. The affidavit was not sufficient to authorize a continuance.

The second ground of defence, rests on the effect which must be given to the circumstance of the creditor having withdrawn the money deposited in court by the debtor.—On the part of the latter, it is contended that this act amounts to a tacit acknowledgement of the truth of all the allegations in his petition ; in other words, that is a legal presumption of their truth. They are, however, denied by the defendant, in his motion for a rule to shew cause, &c. This denial, we are of opinion, outweighs the act of receiving the money deposited, even admitting that such presumption would be a necessary consequence of the act, (which is by no means clear.) The deposite was an acknowledgement, by the party, that he owed that amount, and he was both legally and morally bound to pay it to his creditor, leaving contested matters to be afterwards settled.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs ; re-

*The plaintiff against whom an injunction has been obtained may compel the defendant to prove, in a summary manner before the judge, the truth of the facts alleged in opposition; and the proper mode of proceeding is by serving a rule on the defendant to shew cause why his injunction should not be dissolved. Upon a proper showing, the rule will be continued, to enable the party to, procure the necessary proof required by the seizing creditor.*

*The act of the creditor in withdrawing the deposite made by the debtor, of the amount which he believes to be due, is not conclusive that nothing more is owing.*

Louis'na
  2   322
109   463

Eastern District
*April* 1831.

FORSYTH
*vs*
LACOST.

serving to the plaintiff in the injunction, his right to recover, if any he has, in another action, the sum of two hundred and seventy dollars, alleged to have been paid to the defendant by Judge Leonard's acceptance.