## No. 12,870.

MRS. A. M. JENNINGS, A. H. CARTER, ALICE R. SMITH, CAROLINE HODDING, CORA OGDEN, VS. J. N. HARDY, CITY TREASURER, AND CITY OF NEW ORLEANS.

### SYLLABUS.

1. Plaintiffs sued out an injunction in 1891 against the sale of their property, on the ground of a void assessment.

2. The case was not, for many years, called for trial. The papers were lost or mislaid in the clerk's office. The case was continued indefinitely. On motion of the assistant city attorney it was reinstated, and plaintiffs ruled to supply the loss of their papers.

3. HELD: That plaintiffs not having availed themselves of the opportunity afforded of supplying the loss, the suit was properly dismissed.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Theard, J.*

*Benjamin Rice Forman* for Plaintiffs, Appellants.

*Samuel L. Gilmore,* City Attorney, and *W. B. Sommerville,* Assistant City Attorney, for Defendants, Appellees.

Argued and submitted March 22, 1899.
Opinion handed down April 3, 1899.

The opinion of the court was delivered by

BREAUX, J.   Plaintiffs appeal from a judgment dismissing their demand as in case of non suit.

Plaintiffs sued out an injunction to restrain defendant, J. N. Hardy, City Treasurer, from selling their property for taxes, on the ground that the assessments were void, not having been assessed in the name of the owners, nor the property described as required, and because it was sold without notice.

Plaintiffs further aver that three of their number were in New Orleans at the date the injunction was filed; that the case was continued thirteen times; that the defendant showed no disposition to try the case.   The case was continued indefinitely and the record finally lost or mislaid.   That on the 14th day of April, 1898, on motion of Mr. Sommerville, assistant city attorney, those of their number living were directed to show cause why the injunction should not be set aside and the suit dismissed.

The following is a copy of the motion of W. B. Sommerville, assistant city attorney:

"* * * and upon suggesting to the court that Mrs. A. M. Jennings, one of the plaintiffs herein, is now deceased, and that her co-plaintiffs are her heirs, and the only parties in interest.

"And upon further suggesting that the docket entries in this suit show that an injunction was issued in this case in the year 1891, and mover is informed that said injunction restrains the sale of lot No. 15 in square 228, bounded by Gravier, Baronne, Union and Carondelet streets, in this city, measuring 42 feet by 103 feet, assessed in the name of Mrs. Anna H. Carter, *et als.*, all for causes unknown to mover.

"And, upon further suggesting that the record in this case has been lost, and that defendant has no copies whatever of the papers served upon it; and has invoked the assistance of plaintiff's counsel in vain to make up a record.

"And upon further suggesting that mover is willing to try this case upon any record that plaintiffs may now produce and file.

"And, upon further suggesting that defendant cannot be kept in court without day; and that it is entitled to proceed against the property hereinbefore mentioned for the collection of the taxes due, without placing itself in contempt of the authority of this Honorable Court; and that one Henry Cleveland Perkins now claims to be the owner of the property above described.

"And, upon further suggesting that plaintiffs are non-residents.

"It is ordered that the co-plaintiffs of Mrs. A. M. Jennings be recognized as the only parties in interest in this cause, and that they, through B. R. Forman, their attorney of record, or through a *curator ad hoc* to be appointed for the purpose, show cause on Monday, April 11, 1898, at 11 a. m., if there be an injunction in this case, why said injunction should not be set aside, and this suit dismissed."

We are also informed that Mrs. A. M. Jennings, one of the plaintiffs, is dead; and that there is no evidence of record showing who are her heirs, and that J. N. Hardy is also dead, and his successors in office were not made parties.

The clause in the judgment of the District Court, dismissing plaintiffs' injunction, which is material in the case, is as follows:

"And no evidence having been offered in support of plaintiffs' demand, and counsel for defendants having moved for a non suit, it is ordered that plaintiffs' demand be dismissed as in the case before stated."

Plaintiffs ask that the judgment be reversed and the case remanded.

Plaintiffs in support of their demand on appeal, invoke Act 57 of 1886, and insist that the remedy of the defendant is provided for in that act; that the assistant city attorney made no attempt to comply wih the statute, which provides that all of the lost original papers of a suit may be suppled and the suit reinstated by either plaintiff or defendant filing with the clerk certified papers as required, or by producing any other admissible evidence of contents of lost papers.

No attempt was made by either plaintiffs or defendant to comply with that statute. In our judgment, it was incumbent upon plaintiffs

to reinstate their injunction. We take it that plaintiffs did not choose to avail themselves of the offer made by the defendant to assist in making up a record. Nothing we have discovered on record evinces the least intimation on the part of plaintiffs of a willingness to make up the record in the manner, we understand, was proposed by counsel for defendant. The judgment itself shows that plaintiffs failed to offer any evidence in support of their claim when the case was before the court for trial.

The suit was continued after the motion to reinstate it had been filed, and, in our view, ample time was given to enable plaintiffs to get secondary evidence if needed.

In addition to the fact that, ordinarily, the burden is on a plaintiff to make up the record of his case; in the present suit, plaintiffs being plaintiffs in injunction, it was incumbent upon them to sustain their position by showing that they had grounds for an injunction as set forth in the papers which had been lost or mislaid; they did nothing of the sort, and remained inactive despite the fact that they had been ruled to produce evidence in regard to their rights to enjoin the sale it appeared that they had enjoined.

The defendant, we think, under repeated decisions, could compel plaintiffs to produce their proof. Forsyth vs. Lacost, 2 La. 321.

The burden of pleading being primarily with the plaintiffs, at least to the extent of proving the allegations of their petition, no good reason suggests itself why defendant should be compelled to supply plaintiffs' mislaid or lost papers. It would be different had defendant insisted after plaintiffs had, by competent evidence, reinstated their part of the case, that they should also reinstate its defense, as shown by its (defendant's) pleadings; but the reverse is the case here, and we feel constrained to affirm the judgment of the lower court.

For reasons assigned, the judgment is affirmed.

Mr. JUSTICE MONROE takes no part as he was not a member of the court when the case was heard.